IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENWAY CENTER, INC.,** <br> **Plaintiff** <br><br> **v.** <br><br> **SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, and ANNETTE MAIONE, Individually and as Administrator of the ESTATE OF MARK WILLET,** <br> **Defendants** | No. 3:04cv1058 <br><br> (Judge Munley) |

## **MEMORANDUM**

Before the court for disposition in this insurance contract declaratory judgment action, is a motion to dismiss filed by Defendant Safeco Insurance Company of America ("Safeco") and Defendant General Insurance Company of America ("General"). The matter is briefed and ripe for disposition.[1]

**Background**

Plaintiff Greenway Center, Inc. was in business as an alcohol and drug detoxification center in 1997. On June 23, 1997, Mark Willet was admitted to Greenway for treatment. On June 24, 1997, he died.

In 1999, Annette Maione, individually and as the administrator of the estate of Mark Willet, filed suit against Greenway in the Monroe County Court of Common Pleas. She claims that Greenway was negligent in providing alcohol and drug detoxification services to Mark Willet. We shall refer to this case as "the underlying state court action."

Defendant Safeco issued a Commercial General Liability Insurance Policy ("Safeco Policy") to Winco Acquisitions d/b/a Greenway Center with a policy period of

---

[1] The "brief" submitted by the plaintiff, however, is merely comprised of the following sentence: "The Plaintiff, Greenway Center, Inc. submits that this motion for summary judgment should be denied as material facts remain in dispute and judgment should not be entered as a matter of law." (Doc. 35).

February 3, 2000 to February 3, 2001.  The policy number is  LP 7772805.  Defendant General issued an occurrence based Professional Liability Insurance Policy to Winco Acquisition, Inc., d/b/a Greenway Center with a similar policy period.  The policy number of this insurance contract is CP7772805.  (See Exhibits to Doc. 6 and 7).

Plaintiff commenced this action by filing a declaratory judgment action against Defendant Safeco in the Court of Common Pleas for Monroe County on December 18, 2003.  In May 2004, plaintiff filed an Amended Complaint adding General as a defendant.  The complaint seeks a declaration that Defendants Safeco and General must indemnify and defend plaintiff in the underlying state court action.

On May 12, 2004, Defendant Safeco removed the case to this court.   Defendants Safeco and General both filed declaratory judgment counterclaims against the plaintiff.  They both seek a declaration that they have no duty to defend and/or indemnify plaintiff against the allegations alleged in the underlying state court action. case.  (Doc. 6 and Doc. 7).  At the close of discovery the defendants moved for summary judgment bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a Pennsylvania corporation with a principal place of business in Henryville, Pennsylvania. (Doc. 34, Motion for Summary Judgment, Ex. A, Amended Complaint at ¶ 1).  Defendants Safeco and General are Washington state corporations with their principle places of business at Safeco Plaza, Seattle, Washington.  (Doc. 34, Motion for Summary Judgment,  Ex. B, Answer to Complaint at ¶ 3).   Defendant Annette Maione is a resident of and domiciled in the State of New Jersey.  (Doc. 34, Motion for Summary Judgment, Ex. A., Amended Complaint at  at ¶ 5).   Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v.

Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

This case calls upon the court to make a declaratory judgment with regard to two insurance contracts. One issued by Safeco and the other issued by General.

With regard to the interpretation of insurance contracts, Pennsylvania law provides:

> [T]he task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

Madison Construction Co. v. Harleysville Mutual Ins. Co., 735 A.2d 100 (Pa. 1999) (quoting Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n., 517 A.2d 910, 913 (Pa. 1986)).

When interpreting an insurance contract, the court must consider the parties' intent as manifested by the clear language of the instrument. When that language is clear, its terms must be applied as written. Kleban v. National Union Fire Ins. Co. of Pittsburgh, 771 A.2d 39, 43-44 (Pa. Super. Ct. 2001).

Bearing these standards in mind, we will discuss the insurance contracts at issue separately.

**I. Safeco**

The general liability insurance contract issued by Safeco reads in relevant part:

> **1. Insuring agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at out discretion, investigate any "occurrence" and settle any claim or suit that may result. ...
> b. This insurance applies to "bodily injury" and

3

>"property damage" only if:
>   (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>   (2) The "bodily injury" or "property damage" occurs during the policy period.

(Safeco Policy, page 1, attached as Exhibits 1 - 5 to Doc. 7, Safeco's Answer to Complaint and Counterclaim. Hereinafter cited as "Safeco Policy")

According to the plain unambiguous language of the insurance policy, it applies only to bodily injury that occurred during the "policy period," February 3, 2000 to February 3, 2001. The incident in the underlying action occurred on June 23 and June 24, 1997. (See Underlying Complaint, Ex. B, to Ex A of defendants' motion for summary judgment). It is, therefore, not covered by the policy, and summary judgment in favor of Defendant Safeco is appropriate.

Moreover, the underlying action seeks damages due the rendering or failure to render professional services. (See Underlying Complaint, Ex. B, to Ex A of defendants' motion for summary judgment). The policy contains the following exclusion from coverage: "This insurance does not apply to 'bodily injury,' 'property damage' or 'personal and advertising injury' due to rendering or failure to render any professional service." (Safeco Policy, Endorsement entitled "Exclusion- Designated Professional Services"). [2]

Accordingly, the insurance policy does not provide coverage for the underlying state court action. For these reasons, declaratory judgment will be rendered in favor of Defendant Safeco.

**II. General**

The second insurance policy at issue is the professional liability policy issued by Defendant General, which provided as follows:

---

[2]Professional services are defined as "All services provided by an insured or services provided by others for which any insured is responsible. " (Id.).

> **1. Insuring Agreement**
> a. We will pay those sums which the insured shall become legally obligated to pay as **damages** because of injury to any person arising out of a **professional incident** to which this insurance applies. We have the right and duty to defend the insured against any **suit** seeking those **damages**. However, we will have no duty to defend the insured against any **suit** seeking **damages** for **injury** to which this insurance does not apply. We may at our discretion investigate any **professional incident** and settle any claim or suit that may result. . . .
> **b.** This insurance applies to a **professional incident** only if:
> **(1)** The **professional incident** takes place in the **coverage territory**, and the original claim or **suit** is brought within the **coverage territory**.
> **(2)** The **professional incident** occurs during the policy period.

(Doc. 6, Ex. A, p. 1).[3]

The policy period is February 3, 2000 to February 3, 2001. (Doc. 6, Ex. A, Declarations Page, unnumbered). Coverage is limited to occurrences that transpire during this period. The underlying complaint alleges an occurrence on June 23 and 24, 1997. Accordingly, the incident did not occur during the policy period, and the plaintiff is not entitled to coverage. We will thus grant summary judgment in favor of Defendant General.

**Conclusion**

For the above-stated reasons declaratory judgment will be entered in favor of Defendant General and Defendant Safeco. An appropriate order follows.

---

[3] Professional negligence is defined in the policy as: "any actual or alleged negligent act, error or omission by the insured in the rendering of or failure to render professional services to others." (Doc. 6, Ex. A p.

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREENWAY CENTER, INC.,** | : | No. 3:04cv1058 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SAFECO INSURANCE COMPANY** | : | |
| **OF AMERICA and GENERAL INSURANCE** | : | |
| **COMPANY OF AMERICA, and** | : | |
| **ANNETTE MAIONE, Individually and as** | : | |
| **Administrator of the ESTATE OF** | : | |
| **MARK WILLET,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

     **AND NOW**, to wit, this 30th day of November 2005, the defendants' motion for summary judgment (Doc. 34) is hereby **GRANTED**.

Plaintiff is not entitled to coverage under Safeco Insurance Company policy number LP 7772805 or under General Insurance Company of America policy number CP7772805 in the form of a defense and/or indemnification for claims alleged in the Monroe County Pennsylvania Court of Common Pleas case <u>Annette Maione, Individually and as Administrator of the Estate of Mark Willet v. Greenway Center, Inc. as successor in interest to Winco Acquisitions, Inc.</u>, No. 4776 CV 1999.

The Clerk of Court is directed to close this case.

                                            BY THE COURT:

                                            s/ James M. Munley
                                            JUDGE JAMES M. MUNLEY
                                            United States District Court